UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CALVIN JOHNSON, ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | CAUSE NO. 3:10-CV-065 RM |
| ) | |
| EDWIN BUSS, Commissioner of the ) | |
| Indiana Department of Correction in his ) | |
| official capacity, *et al.*, ) | |
| ) | |
| Defendants ) | |

## OPINION AND ORDER

Calvin Johnson, a prisoner confined at the Indiana State Prison ("ISP"), filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Indiana Department of Correction ("IDOC") Commissioner Ed Buss and ISP Superintendent Mike Levenhagen violated his federally protected rights by taking away his contact visitation privileges.. According to the complaint, a prison disciplinary hearing board found Mr. Johnson guilty of a violation of prison rules that "had nothing to do with the visiting area, or posed a threat to the safety and security of the facility." (Docket Entry #2 at ¶ 10). In a separate administrative action, "Mark Levenhagen illegally imposed the sanction of administrative procedure policy 02-01-102, the loss of contact visiting privileges." (*Id.* at ¶ 8). Mr. Johnson also filed a motion for preliminary injunction asking the court to order the defendants to "cease from illegally imposing the sanction of policy 02-01-102, non-contact visiting without proof that the petitioner actually violated a facility rule while in the visiting area." (Docket entry #1 at 1).

A preliminary injunction is designed to preserve the *status quo* until a final hearing or trial can be held on a request for a permanent injunction. 7 Pt. 2 Moore's Federal Practice and Procedure § 65.04 (1); *see* Texas v. Camenisch, 451 U.S. 390, 395 (1981) ("the purpose of a preliminary injunction is merely to preserve the relative positions of the parties until a trial on the merits can be held."); E.E.O.C. v. City of Janesville, 630 F.2d 1254, 1259 (7th Cir. 1980) ("The purpose of a preliminary injunction is to preserve the object of controversy in its then existing condition, i.e., preserve the *status quo.*"). One seeking a preliminary injunction must, as a threshold matter, demonstrate some likelihood of success on the merits, and that he has no adequate remedy of law and will suffer irreparable harm if the injunction is not issued. Vencor, Inc. v. Webb, 33 F.3d 840, 845 (7th Cir. 1994); Storck USA, L.P. v. Farley Candy Co., 14 F.3d 311, 313-314 (7th Cir. 1994); Abbott Laboratories v. Mead Johnson & Co., 971 F.2d 6, 11 (7th Cir. 1992). "If the moving party cannot establish either of these prerequisites, a court's inquiry is over and the injunction must be denied." *Id.* Provided these criteria are satisfied, "the court must then balance the irreparable harm caused to the non-moving party if relief is granted against the irreparable harm to the moving party if relief is denied, and consider the harm caused to the public by granting or denying preliminary relief." Vencor, Inc. v. Webb, 33 F.3d at 845; Abbott Laboratories v. Mead Johnson & Co., 971 F.2d at 12-13; Kellas v. Lane, 923 F.2d 492, 493-494 (7th Cir. 1990). The federal courts must defer to correctional professionals on questions of the best way to run a prison, in the absence of an "exaggerated response." Rhodes v. Chapman, 452 U.S. 337, 349 n. 14 (1981); Bell v. Wolfish, 411 U.S. at 547.

Mr. Johnson asserts that the restriction on his contact visitation in an administrative action under an IDOC policy without proof that he violated a rule while he was in the visiting area denied him due process of law. The Fourteenth Amendment's due process clause doesn't protect against every change in the conditions of confinement having a substantial adverse impact on a prisoner. Sandin v. Conner, 515 U.S. 472, 484 (1995). A convicted prisoner is entitled to due process only when the conditions imposed work an atypical and significant hardship on him in relation to the ordinary incidents of prison life or when the discipline infringed on rights protected by the due process clause of its own force. Even transferring a prisoner from the general population to a segregation unit does "not present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest," and is "within the expected parameters of the sentence imposed by a court of law." Sandin v. Conner, 515 U.S. at 485.

Mr. Johnson cites several pre-Sandin cases in support of his request for a preliminary injunction, but in light of Sandin, the court may issue the injunctive relief he requests only if the restriction imposed on his visitation imposed constitutes an atypical and significant hardship in relation to the ordinary incidents of prison life or infringed rights protected by the due process clause of its own force. There is no Constitutional right to contact visitation, Thorne v. Jones, 765 F.2d 1270 (5th Cir. 1985), *cert.* denied, 475 U.S. 1016 (1986), and inmates have no independent constitutional right to visitation or to particular forms of visitation, See Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454 (1989); Smith v. Shettle, 946 F.2d 1250 (7th Cir. 1991). Moreover, prison officials have

3

considerable discretion in determining the time, place, duration, and conditions of visitation. Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999); Peterson v. Shanks, 149 F.3d 1140, 1145 (10th Cir. 1998). The restriction Supt. Levenhagen placed on Mr. Johnson's visitation falls within the discretion the Constitution affords to prison officials, the restriction doesn't work an atypical and significant hardship on him in relation to the ordinary incidents of prison life, and it is "within the expected parameters of the sentence imposed by a court of law." Sandin v. Conner, 515 U.S. at 485.

Mr. Johnson also cites the court to Wolff v. McDonnell, 418 U.S. 539 (1974), which deals with the process due to inmates in disciplinary actions dealing with the loss of good time credits. But the protections afforded in Wolff apply only to sanctions that affect the length or duration of a prisoner's sentence, and that case has no application where inmates merely lose visitation privileges in an administrative hearing.

The record before the court doesn't demonstrate sufficient likelihood of success on the merits to obtain a preliminary injunction, so the court DENIES the plaintiff's motion for a preliminary injunction [docket #1].

SO ORDERED.

ENTERED: February __26__, 2010

                                          /s/ Robert L. Miller, Jr.
                                          Judge
                                          United States District Court

cc: C. Johnson