UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| CALVIN JOHNSON, | ) | |
|---|---|---|
| Plaintiff | ) | |
| vs. | ) | CAUSE NO. 3:10-CV-065 RM |
| EDWIN BUSS, Commissioner of the Indiana Department of Correction, *et al.*, | ) | |
| Defendants | ) | |

OPINION AND ORDER

Calvin Johnson, a prisoner confined at the Indiana State Prison ("ISP"), filed a complaint pursuant to 42 U.S.C. § 1983, alleging that Indiana Department of Correction ("IDOC") Commissioner Edwin Buss and ISP Superintendent Mike Levenhagen violated his federally protected rights by taking away his contact visitation. Mr. Johnson seeks declaratory relief and injunctive relief reinstating his contact visitation privileges.

Pursuant to 28 U.S.C. § 1915A(a), the court shall review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." The court must dismiss an action against a governmental entity or officer or employee of a governmental entity if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(b). Courts apply the same standard under § 1915A as when addressing a motion under RULE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006).

A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.
>
> . . . only a complaint that states a plausible claim for relief survives a motion to dismiss. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief.
>
> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-1950; 173 L. Ed. 2d 868, 884 (2009) (quotation marks and citations omitted).

Mr. Johnson brings this action under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under color of

state law. Burrell v. City of Mattoon, 378 F.3d 642 (7th Cir. 2004). To state a claim under § 1983, a plaintiff must allege violation of rights secured by the Constitution and laws of the United States, and must show that a person acting under color of state law committed the alleged deprivation. West v. Atkins, 487 U.S. 42 (1988). The first inquiry in every § 1983 case is whether the plaintiff has been deprived of a right secured by the Constitution or laws of the United States. Baker v. McCollan, 443 U.S. 137, 140 (1979).

According to the complaint and its attachments, on December 15, 2009, a prison disciplinary hearing board found Mr. Johnson guilty of a violation of prison rules that "had nothing to do with the visiting area, or posed a threat to the safety and security of the facility." (Docket Entry #2 at ¶ 10). On January 8, 2010, in a separate administrative action, "Mark Levenhagen illegally imposed the sanction of administrative procedure policy 02-01-102, the loss of contact visiting privileges," (*Id*. at ¶ 8), even though Mr. Johnson "violated no facility rule while in the visiting area." (*Id.* at ¶ 9).

Mr. Johnson says the restriction on his contact visitation in an administrative action under an IDOC policy without proof that he violated a rule while he was in the visiting area denied him due process of law. The Fourteenth Amendment's due process clause doesn't protect against every change in the conditions of confinement having a substantial adverse impact on a prisoner. Sandin v. Conner, 515 U.S. 472, 484 (1995). A convicted prisoner is entitled to due process only when the conditions imposed work an atypical and significant hardship on him in relation to the ordinary incidents of prison life or the discipline imposed infringed on rights protected by the due process clause of its own force. Even transferring a prisoner from the general population to a segregation unit does "not

3

present the type of atypical, significant deprivation in which a state might conceivably create a liberty interest," and is "within the expected parameters of the sentence imposed by a court of law." Sandin v. Conner, 515 U.S. at 485.

Mr. Johnson seeks injunctive relief to require the defendants to restore his visitation privileges. But under Sandin, the court may only issue the injunctive relief he requests if the restriction imposed on his visitation imposed constitutes an atypical and significant hardship in relation to the ordinary incidents of prison life or infringed rights protected by the due process clause of its own force. There is no Constitutional right to contact visitation, Thorne v. Jones, 765 F.2d 1270 (5th Cir. 1985), and inmates have no independent constitutional right to visitation or to particular forms of visitation. See Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454 (1989); Smith v. Shettle, 946 F.2d 1250 (7th Cir. 1991). Prison officials have considerable discretion in determining the time, place, duration, and conditions of visitation. Berry v. Brady, 192 F.3d 504, 508 (5th Cir. 1999); Peterson v. Shanks, 149 F.3d 1140, 1145 (10th Cir. 1998). The restriction Supt. Levenhagen placed on Mr. Johnson's visitation falls within the discretion the Constitution affords to prison officials, the restriction does not work an atypical and significant hardship on him in relation to the ordinary incidents of prison life, and it is "within the expected parameters of the sentence imposed by a court of law." Sandin v. Conner, 515 U.S. at 485.

For the foregoing reasons, pursuant to 28 U.S.C. § 1915A(b)(1), the court DISMISSES this complaint.

SO ORDERED.

ENTERED: March  11 , 2010

/s/ Robert L. Miller, Jr.

Judge
United States District Court